IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § § § |
| Plaintiff, | § § |
| V. | §  No. 3:24-cv-206-X-BN |
| DELORIS PHILLIPS, | § § § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Deloris Phillips, a sanctioned litigant, filed a *pro se* motion for leave to remove an action that the Texas Department of Public Safety allegedly filed against her in a Dallas County, Texas justice of the peace court, for driving without a license. *See* Dkt. No. 2.

This resulting action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court would lack jurisdiction over the lawsuit that Phillips seeks leave to remove, the Court should deny her motion for leave and administratively close this action.

Phillips

> "has been deemed a pernicious, abusive, and vexatious litigant by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Federal Bureau of Investigation*, 3:13-CV-1571-B, Dkt. No. 10

> (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012)). Both courts have barred her from communicating with the clerk's office in each court and from proceeding with any civil action without leave. *Id.*; *see also Phillips v. City of Dallas, et al.*, 3:14-CV-3131-M, Dkt. No. 22 at 2-3 (N.D. Tex. Dec. 19, 2014) (recommendation of Mag. J.), *accepted by* Dkt. 25 (N.D. Tex. Jan. 14, 2015); *Phillips v. United Parcel Serv.*, No. 3:11-CV- 2861-B, Dkt. No. 57 (N.D. Tex. Oct. 19, 2012). In this district, she is prohibited from proceeding with any civil action unless she first obtains permission to proceed from a U.S. District Judge. (*See* 3:14-CV-3131-M, Dkt. No. 25.)

*Phillips v. Dall. City Attorney's Office*, No. 3:16-cv-1845-N-BH, Dkt. No. 11 at 1 (N.D. Tex. June 30, 2016).

> Specifically,
>
> Phillips is prohibited from proceeding with any civil action in this Court (the United States District Court for the Northern District of Texas) – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files in another federal court and it is transferred to this Court – unless she obtains from a district judge of this Court leave to proceed in this Court.
>      If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Phillips seeks, in writing, leave from a district judge of this Court to proceed in this Court.

*Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *8 (N.D. Tex. Jan. 14, 2015), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam), *cert. dismissed*, 137 S. Ct. 2119 (2017).

As to the substance of Phillips's request for leave to remove, a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

And, due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

Relatedly, the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Phillips alleges that federal law would support removal, and because diversity is not an apparent basis for jurisdiction, the undersigned turns to federal question jurisdiction.

Under Section 1331, such jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case

remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

Phillips has not shown that a claim asserted in the underlying state-law suit for driving without a license provides a basis for federal question jurisdiction under the Constitution or a federal statute or otherwise. She instead highlights a defense she intends to raise: "Defendant alleges Amendments 5 & 14 were violated" in the state court. Dkt. No. 2 at 1.

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather,

> [w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the

federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

In sum, Phillips has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal – which, if leave to remove was granted, would require that the Court *sua sponte* remand this case to state court under 28 U.S.C. § 1447(c).

## Recommendation

The Court should deny the motion for leave to remove this lawsuit to federal court and administratively close this action initiated by a sanctioned litigant.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 2, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE